*429 GARWOOD, Circuit Judge,
concurring:
I concur in Judge Davis’s thoughtful and well-crafted opinion, and append this writing merely to underscore my understanding as to what we do not hold or opine respecting in two particular areas.
While I agree that Louisiana’s “unquestionably strong and legitimate interest in encouraging normal childbirth,” Beal v. Doe, 432 U.S. 438 at 446, 97 S.Ct. 2366 at 2371 (1977), is not sufficient justification for the State, as a Title XIX participant, to categorically deny abortion funding to all Medicaid-eligible patients who are victims of rape or incest “without taking the medical necessity of the procedure into account” (majority op. p. 5687), I believe that interest may properly be taken into account by the state in determining the character and degree of medical necessity, in cases where the mother’s life is not at stake, which will be required in order to justify provision of abortion services. In other words, the interest in preserving human life is a rational justification for a participating state to require greater and more concrete and verifiable medical necessity in cases of abortion than in cases of procedures which do not terminate human life. I do not understand Judge Davis’s opinion to hold or opine to the contrary. Nor do I understand us to address the question of just what character or degree of medical necessity and demonstration thereof a participating state may lawfully require before funding an abortion for a Medicaid-eligible patient whose pregnancy results from rape or incest.[1] .
Second,the State of Louisiana in this appeal has taken an essentially all or. nothing position, namely that it is entitled to participate in Title XIX while at the same time declining to ever provide Medicaid-eligible patients any funding for any abortions save only those necessary to save the mother’s life. The State’s only complaint of the district court’s decree is that the decree conflicts with this supposed right of the State. We. are thus not faced with issues of the kind raised by Judge Bowman’s well-reasoned dissent in respect to the form of the district court’s decree in Little Rock Family Planning Services v. Dalton, 60 F.3d 497 (8th Cir.1995). The form of the decree here has not been put in issue on this appeal,[2] and I do not understand. Judge Davis’s opinion to áddress that matter.

. The three-judge court in Mother Doe et al. v. Stewart, No. 74-3197 (E.D.La. Feb. 20, 1976), held that Louisiana's then policy of providing abortion funding for Medicaid-eligible patients only where either necessary to save the mother’s life or "necessary to prevent serious and permanent impairment to the physical health of the mother" was “consistent with the Social Security Act” {id. at 16, 17). Mother Doe was summarily "affirmed” by the Supreme Court. Doe v. Stewart, 433 U.S. 901, 97 S.Ct. 2963, 53 L.Ed.2d 1086 (1977) (per curiam; Justices Brennan, Marshall, and Blackmun dissenting). The Supreme Court jurisdictional statement of the plaintiffs-appellants in Doe v. Stewart lists as the second of the two "Questions Presented,” "Does the Medicaid policy of the State of Louisiana, which provides payment for only therapeutic abortions, as defined by state law, violate the requirements of the Social Security Act of 1935, as amended?”, and explains that "the Louisiana Medicaid Program would not pay for [plaintiff-appellant] Jane Doe’s abortion because her pregnancy had not been medically determined to be seriously threatening to her life or her physical health." Mother Doe involved an unmarried minor’s pregnancy not claimed to have resulted from rape or incest.

. All the State has placed in issue on this appeal is the claim that LA.R.S. 40:1299.34.5’s restriction of any abortion funding to instances where necessary to save the mother’s life is wholly valid notwithstanding Louisiana's continued participation in Title XIX.